IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RICHARD DEVINE,**
    **Petitioner,**

v.              CIVIL ACTION NO. 3:18-CV-152
                 (GROH)

**MICHAEL MARTIN,**
    **Respondent.**

### REPORT AND RECOMMENDATION

This case was initiated on September 21, 2018, when the Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petitioner was granted leave to proceed *in forma pauperis* on October 1, 2018. ECF No. 6. Accordingly, this case is before the undersigned for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure (LR PL P) 2, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

### I. Factual and Procedural Background

#### A. Petitioner's Conviction and Sentence

Petitioner is currently a State prisoner incarcerated in the Huttonsville County Correctional Center in Huttonsville, West Virginia. On October 18, 2013, in the Circuit Court of Randolph County, West Virginia, Criminal Case Number 12-F-43, Petitioner was sentenced to an effective term of ten years of incarceration for five counts of possession of material depicting minors engaged in sexually explicit conduct, in violation of West Virginia Code § 61-8C-3.

1

### B. Petitioner's Direct Appeal

Petitioner filed an appeal in the Supreme Court of Appeals of West Virginia, docket number 13-1250. By memorandum decision[1] issued June 15, 2015, the Supreme Court of Appeals affirmed Petitioner's conviction in the Circuit Court of Randolph County.

### C. Petitioner's State Habeas Petitions

According to Petitioner, he filed a petition for habeas corpus in case number 16-C-64 in the Circuit Court of Randolph County on February 19, 2016. ECF No. 1 at 3, 7. Petitioner claims that he has not yet received a response. Id. at 4. Petitioner concedes that he has not yet appealed to the highest court of the state having jurisdiction, stating that he is awaiting action. Id. at 5. According to the records of the Circuit Court of Randolph County, West Virginia, Petitioner initially filed a habeas corpus petition in that court's case number 16-C-31 on March 21, 2016. See Court's Exhibit A, attached hereto. Petitioner's later filed habeas corpus petition, 16-C-64, was consolidated with 16-C-31 on June 22, 2016. See Court's Exhibit B, attached hereto. That consolidated action remains pending.

### D. Petitioner's Federal Habeas Petition

Petitioner filed his petition in this Court on September 21, 2018, asserting four grounds for relief. First, Petitioner alleges that he received ineffective assistance of counsel. ECF No. 1 at 6. Petitioner appears to claim that he received ineffective assistance of counsel in both his underlying state criminal conviction and in his state habeas case. Id. Second, Petitioner alleges that his due process rights were violated.

---

[1] http://www.courtswv.gov/supreme-court/memo-decisions/spring2015/13-1250memo.pdf

2

Id. at 8. Third, Petitioner alleges prosecutorial, judicial misconduct and misconduct of his lawyer. Id. at 11. Fourth, Petitioner alleges there was a "mistreatment of evidence". Id. at 13. For relief, Petitioner asks for the following:

> Declare wrongdoing and a mistrial, or acquittal, or dismissed, freeing me, exonerate me and expunge my records. Hold the judge, prosecutor and lawyers responsible for their misconduct to the plaintiff and defendant which if it is stiff enough punishment will stop them from violating others rights. So that they pursue the guilty not just beef up conviction records.

ECF No. 1 at 20.

On April 18, 2019, Petitioner filed a motion to amend his petition to include additional information about his pending state habeas corpus claim. ECF No. 14.

## II. Analysis

The privilege of the writ of habeas corpus is recognized in Article I, Section 9 the United States Constitution. Petitions for writs of habeas corpus filed in the federal courts are governed by 28 U.S.C. § 2241 et seq. Pursuant to 28 U.S.C. §2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004), the Supreme Court held that to, "provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Accordingly, a petition for writ of habeas corpus on behalf

of a prisoner in State custody should not be entertained by a federal court unless the petitioner has first exhausted his State remedies. Principles of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995); Woodfolk v. Maynard, 857 F.3d 531 (4th Cir. 2017).

As the Supreme Court recognized in Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 *reh'g denied*, 490 U.S. 1076, 109 S.Ct. 2091 (1989), practical considerations also necessitate exhaustion of State court claims prior to federal review:

> The exhaustion requirement, first enunciated in *Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), is grounded in principles of comity and reflects a desire to "protect the state courts' role in the enforcement of federal law," *Rose v. Lundy, supra,* 455 U.S., at 518, 102 S.Ct., at 1203. In addition, the requirement is based upon a pragmatic recognition that "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." 455 U.S., at 519, 102 S.Ct., at 1203-1204.

To exhaust available State remedies, a habeas petitioner must fairly present the substance of his claim to the State's highest court. The Supreme Court explained in Duncan v. Henry, supra, 513 U.S. at 365, 115 S.Ct. at 888, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."

In Baldwin v. Reese, supra, 541 U.S. at 32, 124 S. Ct. at 1351, the Supreme Court further explained the requirements of such fair presentment:

> We [ ] hold that ordinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does

4

> not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.

The Court opined that, "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Id. See also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005) (dismissing the writ of certiorari as improvidently granted because the federal constitutional claim was not fairly presented to the State's highest court for purposes of 28 U.S.C. § 1257).

In West Virginia, the exhaustion of State remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction State habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993) ("A Petitioner challenging a state criminal conviction by a federal habeas corpus action in West Virginia can satisfy the exhaustion requirement by filing a petition for writ of habeas corpus ad subjiciendum in an appropriate state circuit court and, if unsuccessful there, by appealing the denial of the writ to the state Supreme Court.") A federal court may only consider those issues the petitioner presented to the State court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As the Supreme Court explained in Picard v. Connor, 404 U.S.

270, 275, 92 S.Ct. 509, 512 (1971), "We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" (Internal citation omitted).

"The burden of proving that a claim is exhausted lies with the habeas petitioner." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998), cert. denied, 523 U.S. 371 (1998). The Fourth Circuit also found in Breard that, "[t]he exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id.

Here, Petitioner filed two petitions for habeas corpus in State circuit court, which were consolidated. That consolidated case remains pending in Randolph County Circuit Court case number 16-C-31. Because his petitions have not been ruled upon, no part of the consolidated state habeas corpus proceeding has been presented to the Supreme Court of Appeals of West Virginia. Therefore, the undersigned finds that the Petitioner's claims are not exhausted as he still has a remedy available in State court. Thus, it is inappropriate for this Court to entertain the Petitioner's federal habeas petition at this time, and the petition should be dismissed.

### III. Recommendation

For the reasons set forth in this opinion, it is recommended that the Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE**, preserving the Petitioner's right to renew the same following the proper exhaustion of state remedies. It is further recommended that the Petitioner's Motion to

6

Amend Petition [ECF No. 14] and request for counsel contained therein be **DENIED as Moot**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: April 24, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

Court Exhibit A

# Case Information

County: Randolph County (42)
User: CAROL on CIR42003
Time: 13:34:24 04/23/2019
Printer: CIR01P2

**CK-42-2016-C-31**   Jury: No
**Judge:** David H. Wilmoth   **Case Type:** Civil
**Filed:** 03/21/2016   **Sub-Type:** Other

Richard Devine, Habeas Corpus v. Marvin C. Plumley, Warden at HCC

Sort: ○ Most Recent First ○ Oldest First   Show Documents: ☑

Refresh

Audit                                                                                   Accounting

## Docket Entries/Documents

03/21/2016 CCIS and Petition Filed.
   CCIS and Petition Filed.
03/21/2016 Financial Affidavit Filed.
   Financial Affidavit Filed.
03/24/2016 Order Entered.
   Order Entered.
05/11/2016 Order Filing Correspondence Entered.
   Order Filing Correspondence Entered.
06/03/2016 Order Dismissing G. Phillip Davis and Appointing David Fuelhart Entered.
   Order Dismissing G. Phillip Davis and Appointing David Fuelhart Entered.
06/03/2016 Motion to Withdraw from Representation Filed.
   Motion to Withdraw from Representation Filed.
06/22/2016 Order Consolidating Case #16-C-64 Into this Case Entered.
   Order Consolidating Case #16-C-64 Into this Case Entered.
06/24/2016 Motion to Withdraw Filed.
   Motion to Withdraw Filed.
07/12/2016 Motion to Withdraw Filed.
   Motion to Withdraw Filed.
07/12/2016 Order Dismissing David Fuelhart as Counsel and Appointing Melissa Roman Entered.
   Order Dismissing David Fuelhart as Counsel and Appointing Melissa Roman Entered.
09/12/2016 Amended Petition for Writ of Habeas Corpus with Exhibits A-H Filed.
   Amended Petition for Writ of Habeas Corpus with Exhibits A-H Filed.
09/20/2016 Ptr.'s Supplemental Exhibits to Amended Petition filed.
   Ptr.'s Supplemental Exhibits to Amended Petition filed.
09/30/2016 Order Filing Correspondence and Correspondence filed.
   Order Filing Correspondence and Correspondence filed.
10/11/2016 Petitioner's Motion for Discovery filed.

01:44:41 p.m. 04-23- Case 3:18-cv-00152-GMG   Document 15   Filed 04/24/19   Page 11 of 13   PageID #: 89
04-23-'19 13:51 FROM- 3046373700 T-467 P0002/0002 F-171

CR-042-2016-C-31 Case Information                    http://10.15.42.100.5042/ssicnw/dspcase.pgm?CTTPL-CR&C...

    Petitioner's Motion for Discovery filed.

10/11/2016 Ptr.'s Motion for Funds for Private Investigator filed.

    Ptr.'s Motion for Funds for Private Investigator filed.

10/13/2016 Order Filing Corrsepondence and Correspondence filed.

10/21/2016 Order Filing Corrsepondence and Correspondence filed.

    Order Filing Corrsepondence and Correspondence filed.

10/21/2016 Pay Voucher Submitted (G.Davis) Filed.

    Pay Voucher Submitted (G.Davis) Filed.

11/23/2016 Counsel's Motion to Withdraw & for the Appointment of Another Attorney for the Petitioner Filed.

    Counsel's Motion to Withdraw & for the Appointment of Another Attorney for the Petitioner Filed.

12/06/2016 Correspondence Letter from Richard Devine FIled.

    Correspondence Letter from Richard Devine FIled.

12/06/2016 Order Granting Counsel's Motion to Withdraw and Appointing New Counsel Entered. (Cameon)

    Order Granting Counsel's Motion to Withdraw and Appointing New Counsel Entered. (Cameon)

02/10/2017 Order Filing Corrsepondence and Correspondence filed.

    Order Filing Corrsepondence and Correspondence filed.

02/13/2017 Pay Voucher Submitted ( M. Roman) Filed.

    Pay Voucher Submitted ( M. Roman) Filed.

01/12/2018 Order Filing Correspondence & Correspondence entered.

    Order Filing Correspondence & Correspondence entered.

01/23/2018 Order to File Correspondence and Correspondence filed.

    Order to File Correspondence and Correspondence filed.

04/30/2018 Motion to Withdraw from Representation of Habeas Corpus Petition Filed.

    Motion to Withdraw from Representation of Habeas Corpus Petition Filed.

05/25/2018 Letter to Judge filed.

    Letter to Judge filed.

07/11/2018 Order Approving Motion to Withdraw filed.

    Order Approving Motion to Withdraw filed.

08/07/2018 Amended Petition for Habeas Corpus filed.

    Amended Petition for Habeas Corpus filed.

Close

Court Exhibit B

# Case Information

County: Randolph County (42)
User: CAROL on CIR42003
Time: 13:30:52 04/23/2019
Printer: CIR01P2

**CK-42-2016-C-64**    **Jury:** No
**Judge:** David H. Wilmoth    **Case Type:** Civil
**Filed:** 05/20/2016    **Sub-Type:** Other
**Closed:** 06/22/2016 (Other)

Richard Devine, Writ of Habea Corpus    v.    Marvin Plumley, Warden Huttonsville Corr

Sort: ○ Most Recent First ● Oldest First    Show Documents: ☑

[Refresh]

Audit             Accounting

### Docket Entries/Documents

05/20/2016 CCIS and Complaint Filed.
    CCIS and Complaint Filed.
05/20/2016 Financial Affidavit Filed. (Approved)
    Financial Affidavit Filed. (Approved)
06/22/2016 Order Consolidating this Case into Case #16-C-31 Entered.
06/22/2016 Order Consolidating this Case into Case #16-C-31 Entered.
    Order Consolidating this Case into Case #16-C-31 Entered.
07/12/2016 ************************VOID******************
        Void
07/12/2016 ************************VOID******************
        Void
04/30/2018 Motion to Withdraw from Representation of Habeas Corpus Petition Filed.
    Motion to Withdraw from Representation of Habeas Corpus Petition Filed.
05/25/2018 Letter to Judge filed.
    Letter to Judge filed.
07/11/2018 Order Approving Motion to Withdraw filed.
    Order Approving Motion to Withdraw filed.
08/07/2018 Petition for Habeas Corpus filed.
    Petition for Habeas Corpus filed.

Close